Arman A. SCHURMANN,
Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 81–1065
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.*
Unit A

Oct. 7, 1981.

Arman A. Schurmann, pro se.

Kenneth J. Mighell, U. S. Atty., Fort Worth, Tex., Harry Koch, Asst. U. S. Atty., Dallas, Tex., for respondent-appellee.

Before AINSWORTH, REAVLEY and RANDALL, Circuit Judges.

RANDALL, Circuit Judge:

While serving a ten-year sentence in federal prison, Defendant Arman A. Schurmann pled guilty and was convicted of possession of counterfeited obligations of the United States, a violation of 18 U.S.C. § 472. Schurmann here appeals the denial of his motion to have the sentence vacated, set aside, or corrected pursuant to 28 U.S.C. § 2255, contending that there was a conflict between the oral pronouncement and the written order. Finding no such conflict, we affirm the district court judgment.

On April 6, 1979, Schurmann was sentenced in a sentencing hearing to seven years in the custody of the Attorney General. Although the government argues that the intent of the sentencing judge that this sentence be consecutive to the sentence which Schurmann was already serving is clear from the record of the hearing, it does not deny that the sentencing judge did not actually state at the sentencing hearing whether the sentence was to be concurrent

---

\* Former Fifth Circuit case, Section 9(1) of the Public Law 96–452—October 14, 1980.

or consecutive.. After Schurmann was dismissed from the hearing, and some time that same day, the sentencing judge signed the written "Judgment and Probation/Commitment Order," which stated that the sentence was to run consecutively to the one he was already serving.

When Schurmann became aware that the judge had signed the judgment and commitment order stating that his sentence was to be consecutive, he wrote a letter asking the judge to reduce the sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure. The sentencing judge denied this motion on August 21, 1979. Thereafter, Schurmann filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Following the filing of memoranda by Schurmann and by the Attorney General's office, and the submission of findings and conclusions by a magistrate with a recommendation that the motion be denied, the judge denied Schurmann's § 2255 motion on January 5, 1981. Schurmann appeals this denial of his § 2255 motion.

Schurmann's contention is basically that a sentence is presumed to run concurrently absent clear language to the contrary; that the oral sentence does not contain any clear language to the contrary; that the written judgment is therefore inconsistent with the oral sentence; and that where the oral sentence and written judgment are inconsistent the oral sentence controls. The government argues in response that it is clear from the record of the sentencing that the sentencing judge intended that the sentence be consecutive. In support of its contention, the government cites that portion of the record in which the judge responded to Schurmann's request for a "fifteen year probation to run concurrent with the sentence he was then serving" by telling Schurmann to remove any thoughts he might have that she might put him on probation. The judge did not mention Schurmann's request that the sentence be concurrent, however, and in declaring the sentence she did not specify whether the sentence was to be concurrent or consecutive.[1] We cannot say, therefore, that it is clear from the record of the oral proceeding alone what the judge intended.

The magistrate, nevertheless, recommended the denial of Schurmann's § 2255 motion, and the sentencing judge adopted that recommendation, on the conclusion that, considering both the written judgment and oral sentencing, it was the judge's intention to impose a consecutive sentence. The magistrate relied on *Scott v. U. S.*, 434 F.2d 11, 20 (5th Cir. 1970), for the proposition that where there is a "mere ambiguity" in the oral sentencing, as opposed to a "conflict between the oral pronouncement and

---

1. The portion of the sentencing hearing transcript cited by the government records the following exchange:

THE COURT: ... Have you got anything else you want to say to me?

MR. SCHURMANN: Yes, Your Honor, I have one request I would like for you to consider.

THE COURT: All right.

MR. SCHURMANN: It has to do with my sentencing. I feel like I would request the Court to give me a fifteen year probation to run concurrent to what I have now.

THE COURT: You would like me to give you probation?

MR. SCHURMANN: Yes, Your Honor.

THE COURT: You would? Do you think I am?

MR. SCHURMANN: I really don't know.

THE COURT: Just be real frank about it. You had, according to you, over eleven hundred dollars in counterfeit money at the time you were arrested. In reading your report it sounds to me as if you were the king bee of this. You distributed counterfeit bills to most of these people or you distributed them to Mr. Strickland and he distributed them to a lot of others, but you were the one that had the counterfeit bills. Do you think that there is the slightest chance of my putting you on probation? Now, just think about it.

MR. SCHURMANN: Yes, Your Honor, I do.

THE COURT: Do you? Well, remove it out of your mind. Again, what would you like to do in the penitentiary?

R. Vol. I, pp. 26–27.

In announcing the sentence, the transcript records that the judge stated the following:

THE COURT: Well, I am going to give you seven years in the custody of the Attorney General....

R. Vol. I, p. 31.

the written judgment," it is proper to look to the record and to the written judgment to ascertain the court's intention. Finding the case of *U. S. v. Duncan*, 310 F.2d 367 (7th Cir.), *cert. denied*, 373 U.S. 938, 83 S.Ct. 1542, 10 L.Ed.2d 693 (1962), "strikingly similar," he concluded that Schurmann was not entitled to relief. Though we reject the government's argument that it is clear from the record of the sentencing hearing that the judge intended a consecutive sentence, we agree with the magistrate and district judge that it is appropriate in these circumstances to look to the written order as evidence of the sentencing judge's intent and that Schurmann's § 2255 motion should therefore be denied.

 Schurmann correctly observes that it is the law of this circuit that " '[a]bsent clear language to the contrary, it is presumed that sentences imposed on more than one offense at the same time, *or at different times*, will run concurrently.' (emphasis added)." *Schultz v. United States*, 384 F.2d 374, 375 (5th Cir. 1967). This court has also held, numerous times, that "any variance between oral and written versions of the same sentence will be resolved in favor of the oral sentence." *United States v. Kindrick*, 576 F.2d 675, 677 (5th Cir. 1978). From this Schurmann argues that the presumption that the sentence is concurrent must be accepted over the words of the written judgment to the contrary. This argument, however, results from a misinterpretation of the presumption in *Schultz.* In *Schultz*, this court found the record as a whole unclear as to whether the court intended the sentence to be consecutive or concurrent; there is no indication that there was a written order clarifying the judge's unstated intention at sentencing as we have here. Here there *is*, in the language of *Schultz*, "clear language to the contrary;" it is found in the judge's written order. Although we agree that if the language in the written order conflicted with language in the oral sentence, the oral sentence would control, here the written order

merely clarifies an ambiguous oral sentence. *See Henley v. Heritage*, 337 F.2d 847, 848–49 (5th Cir. 1964) (discussing *Paccione v. Heritage*, 323 F.2d 378 (5th Cir. 1963), *cert. denied*, 377 U.S. 955, 84 S.Ct. 1632, 12 L.Ed.2d 498 (1964)); *Chapman v. United States*, 289 F.2d 539, 544 (5th Cir.), *cert. denied*, 368 U.S. 860, 82 S.Ct. 103, 7 L.Ed.2d 57 (1961). It is the intent of the sentencing judge which controls, *United States v. Kindrick*, 576 F.2d 675, 677 (5th Cir. 1978); and that intent is to be determined by reference to the entire record, including the written order. As this court stated in *Scott v. United States*, 434 F.2d 11, 20 (5th 1970):

> The law is well settled that if there were any conflict between the oral pronouncement of judgment and the written judgment itself, the terms of the oral pronouncement would control. So, if the two conflict, the oral pronouncement controls. On the other hand, there may be no conflict but simply an ambiguity. The actual intention of the sentencing judge is to be ascertained both by what he said from the bench and by the terms of the order he signed, or from his total acts.

Looking at the record as a whole, we find that it was the judge's intention to sentence Schurmann to seven years to be served consecutively to the term which he was serving at the time of the sentencing challenged here. The judgment of the district court denying Schurmann's § 2255 motion is therefore affirmed.

AFFIRMED.