UNITED STATES of America, Plaintiff-Appellee,

v.

James Ray McDONALD, Defendant-Appellant.

No. 80–9011.

United States Court of Appeals, Eleventh Circuit.

April 5, 1982.

Rehearing and Rehearing En Banc Denied May 19, 1982.

Allan Kanner, Philadelphia, Pa. (Court-appointed), for defendant-appellant.

Holly L. Wiseman, Asst. U.S. Atty., Birmingham, Ala., for plaintiff-appellee.

Before RONEY and FAY, Circuit Judges, and EDENFIELD *, District Judge.

PER CURIAM:

Defendant McDonald appeals his counterfeiting conviction and sentence asserting two errors: *first*, the trial court's denial of his motion for continuance on the day of trial, and *second*, the imposition of consecutive sentences after retrial which he contends exceeded the sentence at his first trial. We affirm.

* The Honorable Newell Edenfield, United States District Judge for the Northern District of Georgia, sitting by designation. This case is

Defendant was tried and convicted by a jury for conspiring to counterfeit in violation of 18 U.S.C.A. § 371 and for dealing in counterfeit goods in violation of 18 U.S.C.A. § 473. He was sentenced to three years on the first count and five years on the second count. Twenty days after an oral sentencing and entry of the original judgment and commitment order, the court entered an order correcting the original judgment and commitment. The latter order specifically provided the sentences were to run consecutively. Because of erroneous admission of certain evidence and comment thereon by the prosecutor in closing, these convictions were reversed. *United States v. McDonald*, 620 F.2d 559 (5th Cir. 1980).

On retrial, defendant was again convicted on both counts. The district judge sentenced him to three years on the first count and five years on the second count, to be served consecutively.

I. *Continuance*

As to the denial of his motion for a continuance on the day of trial, defendant contends first, he should have been allowed additional time to subpoena witnesses and prepare his defense and second, he should have been afforded an opportunity to consider a possible conflict of interest of his attorney.

■ After a careful review of the record, we hold the trial court's refusal to allow additional time to subpoena witnesses and prepare a defense was not an abuse of discretion, and that defendant was not seriously prejudiced thereby. *See United States v. Jimenez-Diaz*, 659 F.2d 562, 567 (5th Cir. 1981).

The conflict of interest ground is slightly more troublesome. Defendant informed the trial judge of his concern that his attorney represented his codefendant who had entered a guilty plea and testified against defendant at the prior trial. The attorney also represented, in an unrelated state crim-

being decided by a quorum due to the death of Judge Edenfield on December 27, 1981. 28 U.S.C. § 46(d).

inal matter, another individual who was scheduled to appear as a Government witness but did not testify. Defendant's attorney advised the court of this situation stating he did not believe there was a conflict in his continued representation of defendant.

The district court judge gave defendant fifteen minutes to decide whether he would retain the attorney as trial counsel, accept court-appointed counsel, or retain his attorney and act pro se as co-counsel, cross-examining the witness in question himself.

■ At first glance, the terms imposed by the trial court appear harsh. Oral argument and the record have revealed, however, that precisely the same issue arose at defendant's first trial. At that trial defendant not only did not object to his attorney's representation of his codefendant but indicated that the simultaneous representation of the two men might be helpful to his case. Defendant's failure to notify the court until the day of trial of potential problems concerning his attorney, known to him long before that date, was unjustified.

The district court's denial of the motion for continuance did not constitute an abuse of discretion.

## II. *Sentences*

Defendant argues as follows: Because the oral pronouncement of sentence after the first trial was unclear as to whether the two sentences were consecutive or concurrent, they had to be concurrent as a matter of law. *Schurmann v. United States*, 658 F.2d 389, 391 (5th Cir. 1981). The subsequent amendment to the sentencing order making them consecutive was therefore invalid, since a sentence cannot be increased after its service has begun. *Ex parte Lange*, 85 U.S. (18 Wall.) 163, 21 L.Ed. 872 (1874). The imposition of harsher consecutive sentences after retrial was a violation of due process of law. *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).

Because defendant's original oral sentence clearly indicated the sentences were consecutive, his claim must fail. At sentencing in the first trial the following colloquy occurred:

THE COURT: In case CR–76–G–70–S, which is the case we just finished trying for counterfeiting and conspiracy, the jury having convicted you, Mr. McDonald, on both counts, it is the judgment and sentence of this Court, under Count One, that you be committed to the custody of the attorney general of the United States or his authorized representative for *a period of three years.*

Under Count Two, it is the judgment and sentence of the Court that you be committed to the custody of the attorney general of the United States or his authorized representative for *a period of five years.*

In case CR–79–H–12–S, [an unrelated bail jumping charge] this Court having convicted you at a bench trial, it is the judgment and sentence of the Court that you be committed to the custody of the attorney general of the United States or his authorized representative for *a period of two years.*

*These sentences to be consecutive.* I don't think that any recommendation I make as to the place of incarceration would make any difference. I think it would be Atlanta. But is there any place that you would like for me to recommend?

MR. McDONALD: That is the closest place to home.

THE COURT: Then I recommend Atlanta.

*You understand your sentence is a total of ten years.*

(WHEREUPON, proceedings were adjourned at 4:18 P.M., April 6, 1979).

(emphasis supplied).

Thus defendant received three years on the first count, five years on the second, and two years on the bail jumping charge. Defendant contends the judge's statements indicate the sentence on the bail jumping charge was consecutive to the total of the two sentences on the counterfeiting charges which, because there is no indication to the contrary, run concurrently. The judge's

clear statements that the sentences were "consecutive" and for "a total of ten years," however, refute defendant's contrary characterization. His argument that he either did not hear the latter statement or was not present when it was made is without any support in the record.

Variations between oral and written versions of the same sentences are resolved in favor of the oral sentence. *Schurmann*, 658 F.2d at 391. Defendant here was orally sentenced to consecutive terms and the subsequent written orders merely clarified the judge's intention. Because defendant's first sentences were consecutive, the consecutive sentences he received after retrial were not more severe and did not violate his constitutional rights.

AFFIRMED.