IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-10951
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

LUIS V. LOPEZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:97-CR-257-12-G
--------------------
July 23, 1999

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

    Luis V. Lopez appeals his sentence for conspiracy to possess cocaine, cocaine base, and marijuana with the intent to distribute.  The Government contends that Lopez waived the right to appeal his sentence.  Lopez argues that his waiver was not informed, that a variance between the oral sentence and the written judgment requires a remand, and that the sentencing court erred in figuring the drug quantity his offense involved.

    The Government has moved under Fed. R. App. P. 10(e) to supplement the record with three documents--a copy of the plea

---

    [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

agreement that it says replaced an earlier version contained in the record; a docket sheet of one of Lopez's codefendants, his wife; and what it calls a "corrected" page of the sentencing transcript. Lopez opposes the motion, but his argument specifically addresses only the sentencing transcript. The Government's motion is GRANTED as to the other two documents.

The Government's motion indicates that in response to Lopez's claim of a variance in the oral sentence and the written judgment, the court reporter reviewed her notes and submitted a corrected page. The new page shows Lopez being sentenced, as indicated by the written judgment, to 324 months in prison; the page contained in the original transcript showed Lopez being sentenced to 224 months in prison. Under 28 U.S.C. § 753(b), a transcript certified by the court reporter is "deemed prima facie a correct statement of the testimony taken." The statute instructs that "[n]o transcripts . . . shall be considered as official except those made from the records certified by the reporter." Id. Because the Government has provided us with no indication that the new page has been "certified by the reporter," the new page cannot be "considered as official." Accordingly, the motion to supplement is DENIED as to the new page of the transcript.

The Government argues that Lopez waived the right to appeal his sentence. The plea agreement between the parties contained an express waiver of the right. At rearraignment, however, when the district court first broached the subject, Lopez asked the court to state again what he was waiving. When the court

explained that Lopez was waiving the right to appeal his sentence, Lopez responded by asking, "Well, if I can fight it, I can appeal it as a motion?"  The judge said that Lopez's understanding was correct.

A defendant may waive the statutory right to take an appeal. United States v. Melancon, 972 F.2d 566, 567 (5th Cir. 1992). Such a waiver must be informed and voluntary.  Id.  When a plea agreement contains a waiver-of-appeal provision, "the special attention of the district court" is required because the defendant is "giv[ing] up the very valuable right to correct a district court's unknown and unannounced sentence."  United States v. Baty, 980 F.2d 977, 979 (5th Cir. 1992).  If a defendant receives "no satisfactory explanation" of the consequences of the waiver, it will be ineffective.  Id.

Lopez's colloquy with the district court indicates that he did not understand the waiver-of-appeal provision.  The statement "if I can fight it, I can appeal it as a motion?" reveals that he believed he still had some ability to appeal his sentence, and the district court failed to correct this misunderstanding.  The Government argues that Lopez's statement might have been an attempt to restate the rights he knew he was waiving.  At best, however, the statement was ambiguous.  Because the district court provided "no satisfactory explanation" of the waiver, we hold that the waiver was ineffective and reach the merits of Lopez's appeal.

Lopez argues that variance between the written judgment and the oral sentence requires a remand for resentencing.  When the

oral sentence has been found to be in direct conflict with the written judgment, the court has remanded for resentencing to the oral sentence. United States v. Shaw, 920 F.2d 1225, 1231 (5th Cir. 1991). When the oral sentencing was found to be ambiguous, the court has looked to the written judgment for evidence of the intent of the sentencing court. Schurmann v. United States, 658 F.2d 389, 390 (5th Cir. Unit A 1981). See also United States v. Bonanno, 146 F.3d 502, 511 (7th Cir. 1998).

As noted, a transcript "certified by the reporter . . . shall be deemed prima facie a correct statement of the testimony taken and proceedings had." 28 U.S.C. § 753(b). The certified transcript of the sentencing hearing indicates that Lopez was sentenced to 224 months in prison. The certified transcript also makes clear, however, that the court determined that Lopez's guidelines range was 324-405 months, the range calculated in the presentence report. There is no indication that the district court was contemplating a downward departure and certainly not a departure of 100 months. If the district court had been considering a downward departure, it would have been required to give notice of the possibility to the Government. United States v. Pankhurst, 118 F.3d 345, 357 (5th Cir. 1997). The oral sentence of 224 months cannot be reconciled with the remainder of the sentencing transcript.

Because the transcript of Lopez's sentencing is ambiguous, we look to the written judgment for evidence of the sentencing judge's intent, which is controlling. Schurmann, 658 F.2d at 390-91. The district court's failure to give notice of any

downward departure as well as its statements at sentencing, which indicate that no downward departure was being made, suggest that Lopez's sentence should have been within the guidelines range of 324-405 months, the range the court specifically stated it would use. The written judgment imposed a sentence of 324 months. Thus, when read in conjunction with the sentencing transcript, the written judgment makes clear that the court's intent was to sentence Lopez to 324 months in prison. As in Schurmann, there is no direct conflict between the written judgment and the oral sentencing; the written judgment "merely clarifies" an ambiguous sentencing. Id. at 391. Accordingly, we reject Lopez's argument that the case should be remanded for resentencing to the oral sentence.

Lopez argues that the district court erred in determining the drug quantities that his offense involved. In the presentence report (PSR), the probation officer determined that Lopez's offense involved 3.3 kilograms of cocaine base, 7.2 kilograms of cocaine, and 56.32 kilograms of marijuana. The amount of cocaine base was "a conservative estimate," made by a special agent involved in the case, based on the sale of 100 "dime rocks" per day from May 2, 1996, through January 23, 1997. The district court adopted this finding.

Legal conclusions made by a sentencing court are reviewed de novo, while findings of fact are reviewed for clear error. United States v. Fitzhugh, 984 F.2d 143, 146 (5th Cir. 1993). A PSR generally bears sufficient indicia of reliability to be considered as evidence by a sentencing judge. United States v.

Narviz-Guerra, 148 F.3d 530, 537 (5th Cir.), cert. denied, 119 S. Ct. 601 (1998). Information in a PSR that is based on the results of a police investigation is sufficiently reliable for sentencing purposes. United States v. Vela, 927 F.2d 197, 201 (5th Cir. 1991). A defendant bears the burden of showing that information in a PSR is unreliable or untrue. United States v. Vital, 68 F.3d 114, 120 (5th Cir. 1995).

As the district court observed, a determination that Lopez's offense involved 3.3 kilograms of cocaine base--or as little as half that amount--was sufficient to justify the maximum offense level of 38 under U.S.S.G. § 2D1.1. The estimate that Lopez's offense involved at least 3.3 kilograms of cocaine was sufficiently reliable because it was based on the results of police investigation into the conspiracy. See Vela, 927 F.2d at 201. Lopez provided the district court with no evidence to rebut the estimate of 3.3 kilograms of cocaine base. He did argue that it was error to include any drugs sold after January 23, 1997, but the figure of 3.3 kilograms was expressly computed based on that ending date. Lopez has not met his burden of showing error in the drug quantities found by the district court.

Lopez argues that the district court did not determine that the entire drug quantity was in furtherance of the conspiracy or that the amount was reasonably foreseeable to him. The PSR, however, found that Lopez and his wife owned the "trap" house where the 3.3 kilograms of cocaine base was sold and that Lopez arranged for the purchase, sale, and delivery of the drugs sold from the house. The district court adopted these findings.

Lopez has pointed to no evidence indicating that these findings, or any others, were error.

MOTION TO SUPPLEMENT GRANTED IN PART AND DENIED IN PART; SENTENCE AFFIRMED.