United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 8, 2007**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 06-20253
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-
Appellee,

versus

JAIME SOLIS-CAMPUZANO,
also known as Jaime Solis-Campozano,
also known as Jaime Solis-Campusano,
also known as Javier Soliz-Camposano,
also known as Elias Gaona-Vargas,
also known as Jaime Gaona-Vargas,
also known as Eduardo Alejandro Berrones-Garza,

Defendant-
Appellant.

-------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CR-412-1
-------------------------------------------------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

    Jamie Solis-Campuzano (Solis) appeals his guilty-plea conviction and sentence for violating

8 U.S.C. § 1326(a) and (b) by re-entering the United States without permission after having been

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has  determined  that  this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

convicted of an aggravated felony and deported. Solis was also charged with unlawful possession of a firearm by an illegal alien.

Solis challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury, in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Solis's constitutional challenge is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998). Although Solis contends that *Almendarez-Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez-Torres* in light of *Apprendi*, we have repeatedly rejected such arguments on the basis that *Almendarez-Torres* remains binding. *See United States v. Garza-Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, 126 S. Ct. 298 (2005). Solis properly concedes that his argument is foreclosed in light of *Almendarez-Torres* and circuit precedent, but he raises it here to preserve it for further review.

Solis also argues that the Government breached the terms of the plea agreement by failing to move to dismiss the firearm charge at his sentencing hearing. The Government concedes that it agreed to dismiss the firearm charge and joins Solis in seeking remand. However, the written judgment entered by the district court indicated that the "Count(s) remaining is dismissed on the motion of the United States."

Where, as here, there was no objection to the breach of a plea agreement, the issue is reviewed for plain error. *United States v. Brown*, 328 F.3d 787, 790 (5th Cir. 2003). "'The law is well settled that if there were any conflict between the oral pronouncement of judgment and the written judgment itself, the terms of the oral pronouncement would control,'" but this court will allow

a written judgment to clarify "an ambiguous oral sentence." *Schurmann v. United States*, 658 F.2d 389, 391 (5th Cir. 1981) (quoting *Scott v. United States*, 434 F.2d 11, 20 (5th Cir. 1970)).

Like the oral judgment at issue in *Schurmann*, the oral judgment of the district court in this case is silent on the point at issue and is therefore ambiguous. *See id.* at 389-90. The added detail provided by the written judgment clearly demonstrates that the district court intended that the firearm charge be "dismissed on the motion of the United States," especially in light of the other evidence in the record that the Government promised to dismiss the firearm charge, as it now concedes. *See Shurmann*, 658 F.2d at 390-91. Because the firearm count against Solis has already been dismissed by the district court, there was no plain error, *see Brown*, 328 F.3d at 790, and remand is not necessary. *Schurmann*, 658 F.2d at 390-91.

AFFIRMED.