IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 29, 2007

Charles R. Fulbruge III
Clerk

No. 06-40871

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

DANIEL VALLEJO ORTIZ

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:99-CR-192

Before HIGGINBOTHAM, SMITH, and OWEN, Circuit Judges.

PER CURIAM:[*]

The district court revoked Daniel Ortiz's supervised release on a petition by the government. The district court ordered Ortiz, inter alia, to pay $500.00 restitution for damages caused to his electronic ankle monitor. Ortiz challenges the authority of the district court to do so. We vacate the restitution order.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I

In 1999, Ortiz pleaded guilty to drug charges; the district court sentenced him to seventy months' imprisonment and four years of supervised release. The sentence did not include restitution. The district court first revoked Ortiz's supervised release in October 2005, and sentenced him to time already served and three years of supervised release. There was again no restitution order.

Ortiz again violated the terms of his supervised release. The district court sentenced Ortiz to eleven months in prison and two years' supervised release, a condition of which was participation in 120 days of inpatient drug treatment following his release from prison. The court further ordered Ortiz to pay $500.00 for damages caused to an electronic ankle monitor. The damage to the electronic monitor was not alleged as a violation of Ortiz's supervised release, nor was he independently charged for damaging it.

The following exchange occurred during the May 4, 2006, revocation hearing between the court and United States probation officer Nunez-Rodriguez:

> Court: . . . And you can appeal this sentence, you would have ten days. I'll accept electronic monitoring – I'm sorry.
>     I also need to – you destroyed the electronic monitoring equipment, you or somebody. I know there's a dispute your mom says – or you said your mom destroyed it. Your mom says, you. Whomever, it was destroyed in your custody. It's a $500 piece of electronic monitoring equipment. I'm imposing a $500 restitution order.
> Nunez-Rodriguez: It would be a special condition, your Honor.
> Court: A special condition is that you pay–you reimburse whomever is owed the $500 –
> Nunez-Rodriguez: Yes, your Honor. Secure it first.
> Court: – the $500 for that piece of equipment. But I'm not reimposing that as a condition of a supervised release term, just in-patient treatment for 120 days of the two years of supervised release that he's going to have when he gets out. All the other conditions, all the other standard conditions as well, and any other special conditions, except for electronic monitoring. Right?

Nunez-Rodriguez: I'm sorry, your Honor. He's not going to have
    electronic monitoring?
Court: No need for electronic monitoring.
Nunez-Rodriguez: But the special condition of reimbursement –
Court: Correct.
Nunez-Rodriguez: –is–Okay.
Court: Correct.

Ortiz did not object to the court's order. Ortiz now appeals, challenging only the order to pay for damages to the electronic ankle monitor.

II

Generally, we review a forfeited error for plain error.[1] Plain error review involves four factors: (1) there must be error; (2) it must be plain; (3) the error must affect substantial rights; and (4) this court must exercise its discretion and take notice of the error.[2] We exercise our discretion to "correct a plain forfeited error affecting substantial rights if the error seriously affects the fairness, integrity or public reputation of judicial proceedings."[3]

But, as we have previously explained, "a sentence which exceeds the statutory maximum is an illegal sentence and therefore constitutes plain error."[4] We review de novo the legal question of whether the sentence is authorized by statute.[5]

---

[1] See United States v. Howard, 220 F.3d 645, 647 (5th Cir. 2000).

[2] See generally United States v. Olano, 507 U.S. 725 (1993).

[3] United States v. Jackson, 82 F.3d 414, 416 (5th Cir. 1996) (quoting Olano, 507 U.S. at 736).

[4] United States v. Sias, 227 F.3d 244, 246 (5th Cir. 2000).

[5] See United States v. Del Barrio, 427 F.3d 280, 282 (5th Cir. 2005) ("A defendant's failure to contemporaneously object to an alleged error generally results in plain error review. However, we review de novo a sentence that allegedly exceeds the statutory maximum term.").

III

Ortiz argues, and the government concedes, that the order to pay for the electronic ankle monitor is not cognizable as a restitution order under 18 U.S.C. § 3556, as neither the Mandatory Victims Restitution Act[6] (MVRA) nor the Victim Witness Protection Act[7] (VWPA) authorized it.[8] This is so because of the "Hughey limitation": a "restitution must be limited to losses caused by the offense of conviction."[9] The loss here was not caused by the offense of conviction. Thus, we agree § 3556 does not authorize the restitution award.

The government argues that the district court's order is supported by 18 U.S.C. § 3583(d), which allows the district court to condition supervised release: the district court "ostensibly used its discretion under the last part of § 3583(d), the 'catch-all provision,' allowing it to impose 'any other condition it considers to be appropriate.'"[10] Section 3583(d) provides that the district court may order as a condition of supervised release "any condition set forth as a discretionary condition of probation in section 3563(b)(1) through (b)(10) and (b)(12) through (b)(20), and any other condition it considers to be appropriate." We are not persuaded that the district court was invoking its authority under § 3583(d).

A careful examination of the record reveals that it is a restitution order and not a condition of supervised release. During the revocation hearing, the district court first stated that "I'm imposing a $500 restitution order." After prompting by the probation officer, the court did call the order a "special

---

[6] 18 U.S.C. § 3663A.

[7] 18 U.S.C. § 3663.

[8] See United States v. Love, 431 F.3d 477, 479 (5th Cir. 2005) ("A federal court cannot order restitution 'except when authorized by statute.'" (quoting United States v. Bok, 156 F.3d 157 (2d Cir. 1998))), cert. denied, 126 S. Ct. 1643 (2006).

[9] United States v. Maturin, 488 F.3d 657, 660 n.2 (5th Cir. 2007).

[10] Government-Appellee's Brief at 18.

condition." However, the court specifically said, "the $500 for that piece of equipment. But I'm not reimposing that as a condition of a supervised release term, just in-patient treatment for 120 days of the two years of supervised release that he's going to have when he gets out." The import of the court's oral pronouncement is that it was imposing a restitution order, not a condition of supervised release. The written judgment confirms this interpretation.[11] The order to pay was not listed as a "special condition of supervision"; rather, it was specifically listed as restitution. The special conditions in the written judgment does include a reference to restitution, but only tangentially: "The defendant shall adhere to the court-ordered schedule for the payment of a fine or restitution, if any"; it does not make the $500 order itself a condition. As neither the MVRA nor the VWPA supports the restitution order, the restitution order was an illegal sentence, and plain error.

"Generally, a defendant's substantial rights are affected if the error is prejudicial—that is, it affected the outcome of the trial court proceedings."[12] The error here changed the outcome of the proceedings: it produced an unauthorized restitution order. We also find that the error affects the fairness, integrity, or public reputation of judicial proceedings and elect to exercise our discretion and notice the error.[13]

Accordingly, we VACATE the restitution order.

---

[11] See Schurmann v. United States, 658 F.2d 389, 391 (5th Cir. 1981) (explaining that, where the sentencing judge's oral pronouncement is ambiguous, the intent of the judge "is to be determined by reference to the entire record, including the written order").

[12] United States v. Alarcon, 261 F.3d 416, 423 (5th Cir. 2001).

[13] See United States v. Austin, 479 F.3d 363 (5th Cir. 2007) (""When a defendant is ordered to pay restitution in an amount greater than the loss caused, the error affects substantial rights as well as the fairness and integrity of the judicial proceedings.").