# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 25, 2008

Charles R. Fulbruge III
Clerk

No. 07-40516
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

HUMBERTO RODRIGUEZ-LOZANO

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-461-1

Before JONES, Chief Judge, and CLEMENT and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Humberto Rodriguez-Lozano (Rodriguez) appeals his sentence for the revocation of his supervised release following his second conviction for illegal entry into the United States. For the first time on appeal, Rodriguez argues that his sentence exceeds the statutory maximum. The Government concedes that the sentence exceeds the statutory maximum.

While Rodriguez did not raise this argument below, we nevertheless review this issue de novo because Rodriguez asserts that his sentence exceeds

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the statutory maximum. See United States v. Del Barrio, 427 F.3d 280, 282 & n.4 (5th Cir. 2005). Rodriguez's conviction that resulted in the term of supervised release that was revoked was for a second violation of 8 U.S.C. § 1325(a)(1), which allows for a maximum sentence of two years of imprisonment and is a Class E felony. See § 1325(a); 18 U.S.C. § 3581(b)(5). Upon the revocation of supervised release that was imposed for a conviction for a Class E felony, the maximum sentence that may be imposed is one year of imprisonment. 18 U.S.C. § 3583(e)(3). Rodriguez's sentence of 18 months of imprisonment exceeds the statutory maximum. See id. Accordingly, we vacate Rodriguez's sentence and remand this case to the district court for resentencing.

VACATED AND REMANDED FOR RESENTENCING.