# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 26, 2011

Lyle W. Cayce
Clerk

No. 10-31023
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

BRANDON BERRY,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-CR-168-1

Before SMITH, BARKSDALE, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Brandon Berry appeals his guilty-plea conviction for possession with the intent to distribute marijuana, possession of a firearm by a convicted felon, and possession of a firearm in furtherance of a drug-trafficking crime.

Berry first contends: his conviction and sentence should be reversed because the district court denied his requests for new counsel. Berry was represented by a Federal Public Defender (FPD). He is represented on appeal by retained counsel.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-31023

Denial of a motion to substitute counsel is reviewed for an abuse of discretion. *E.g., United States v. Simpson*, 645 F.3d 300, 307 (5th Cir. 2011). The right to counsel guaranteed by the Sixth Amendment does *not* include the right to counsel of defendant's choice. *United States v. Snyder*, 707 F.2d 139, 145 (5th Cir. 1983), *abrogated in part on other grounds by United States v. Sanchez-Guerrero*, 546 F.3d 328, 333 (5th Cir. 2008). Substitute counsel should be appointed only for good cause. *Simpson,* 645 F.3d at 307.

The record does *not* support Berry's assertion that the magistrate judge failed to assess adequately his request for new counsel. Further, Berry has *not* shown the district court abused its discretion by referring his subsequent request, after pleading guilty, for new counsel to the FPD, because that office responded to his request by offering him new counsel, and he consented. Berry expressed *no* dissatisfaction with his new counsel at the sentencing hearing; nor did he file anything with the court to that effect. Berry has failed to show the district court abused its discretion in denying his requests for new counsel.

Berry next maintains it is *not* clear what sentence the district court intended to impose on counts one and two of the superseding indictment. Although Berry acknowledges that the court orally stated his sentence was 37 months' imprisonment, and that the written judgment states the same, he notes: when the court explained the sentence, it also stated the "guideline range as to Counts 1 and 2 does not exceed 24 months". He contends the court's oral pronouncements were ambiguous and they conflict with the written judgment.

The district court orally pronounced a sentence of 37 months as to counts one and two. Thereafter, when explaining its chosen sentence, the court stated: "I have considered the guideline range and find it to be appropriate in this case. The guideline [sentencing] range [of 37 to 46 months] as to Counts 1 and 2 does not exceed 24 months. The Defendant is sentenced at the bottom of the guideline [sentencing] range."

No. 10-31023

District courts are required by statute to state the reasons for a sentence in open court when the guideline sentencing range is greater than 24 months. 18 U.S.C. § 3553(c)(1).  The district court was referring evidently to § 3553(c)(1) when it made the statement about the sentencing range.

In any event, to the extent oral pronouncements are ambiguous, our court may look to the written judgment to clarify the sentence.  *Schurmann v. United States*, 658 F.2d 389, 390-91 (5th Cir. 1981).  The written judgment provided that Berry "be imprisoned for a total term of 37 months as to counts 1 and 2, to be served concurrently".  The written judgment confirms the court sentenced Berry to 37 months on counts one and two.

Berry also maintains this matter should be remanded for an ineffective-assistance-of-counsel hearing.  The general rule in our circuit is that a claim of "ineffective assistance of counsel cannot be resolved on direct appeal when the claim has not been raised before the district court since no opportunity existed to develop the record on the merits of the allegations".  *United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006) (citation and internal quotation marks omitted).  Contrary to Berry's suggestion otherwise, the interests of judicial economy would *not* be served by our determination of this matter at this time.  Moreover, the record is insufficiently developed to address Berry's ineffective-assistance claims on direct appeal. Finally, a 28 U.S.C. § 2255 motion is the preferred method for raising an ineffective-assistance-of-counsel claim. *Massaro v. United States*, 538 U.S. 500, 504-05 (2003).

AFFIRMED.