# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 17, 2020

Lyle W. Cayce
Clerk

No. 20-10031

United States of America,

*Plaintiff—Appellee*,

*versus*

Su Y. Amos Mun, *also known as* Amos Su Young Mun,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CR-86-3

Before Owen, *Chief Judge*, and King and Engelhardt, *Circuit Judges*.
Per Curiam:*

Su Y. Amos Mun pleaded guilty to maintaining a drug-involved premises. At sentencing, the district court ordered Mun to pay restitution in the form of funeral and cremation expenses to the victims' families. We AFFIRM.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-10031

## I.

Defendant-appellant, Su Y. Amos Mun, was the owner and manager of the HanGil Hotel Town (the "Hotel"), which was, at times, referred to as "an addict's paradise" and a "hotel of horrors." There, in exchange for paying Mun an inflated room rate, drug dealers could sell drugs openly and without concerns about law enforcement. The Hotel was also the scene of violence and torture as well as at least two deaths. Specifically, an individual, J.B., died in the Hotel of a heroin overdose, and another individual, L.R., died in the Hotel of either a heroin overdose or a violent encounter with one of the dealers. And although the Hotel was deemed too dangerous to send in an undercover officer, law enforcement eventually caught up with Mun.

Mun was indicted for conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A), and (b)(1)(C) and maintaining a drug-involved premises in violation of 21 U.S.C. § 856(a)(2). Pursuant to a plea agreement, Mun pleaded guilty to maintaining a drug-involved premises. At sentencing, in addition to imposing a 240-month term of imprisonment, the district court ordered Mun to pay restitution in the amount of $11,400 to the families of J.B. and L.R.

Mun timely filed a notice of appeal, challenging the restitution order.

## II.

As a general matter, where a defendant fails to object below to alleged sentencing errors, we review for plain error. *United Sates v. Del Barrio*, 427 F.3d 280, 282 (5th Cir. 2005). But regardless of whether the defendant objected below, we review de novo a sentence that is allegedly illegal. *Id.*

2

No. 20-10031

In this case, Mun challenges both the legality of the restitution order and certain factual findings underlying the restitution order.[1] We address each argument in turn.

Mun contends that the restitution order is illegal because the Mandatory Victims Restitution Act (the "MVRA") precludes the award of funeral and cremation expenses for property offenses, including maintaining a drug-involved premises. But the plain language of the MVRA renders Mun's argument meritless.

The MVRA describes the available restitution based on the type of *damage or loss* suffered by the victim rather than the type of *offense*. *Compare* 18 U.S.C. § 3663A(b)(1) (limiting restitution "in the case of an offense resulting in damage to or loss or destruction of property") *with* 18 U.S.C. § 3663A(b)(3) (stating that "in the case of an offense resulting in bodily injury that results in the death of the victim," the MVRA authorizes restitution in "an amount equal to the cost of necessary funeral and related services"). And make no mistake—the MVRA clearly contemplates that property offenses, such as Mun's offense of maintaining a drug-involved premises, might involve victims that have suffered "a physical injury or pecuniary loss." 18 U.S.C. § 3663A(c)(1)(B).

---

[1] Although the parties dispute whether Mun waived his right to challenge certain factual findings in light of the plea agreement's appeal waiver, we need not resolve this issue because Mun's appeal fails on the merits. *United States v. Marunda*, 731 F. App'x 281, 285 (5th Cir. 2018) (explaining that because "[a]n appeal waiver does not deprive us of jurisdiction," we can affirm on the merits without resolving the waiver issue) (citing *United States v. Story*, 439 F.3d 226, 230 (5th Cir. 2006)); *see also United States v. Shifflett*, 773 F. App'x 214, 215 (5th Cir. 2019) ("Because [the defendant's] argument fails on the merits, we assume without deciding that [her] appeal waiver does not bar her argument that the restitution order included costs she did not proximately cause.").

No. 20-10031

In this case, it is readily apparent that the victims suffered bodily injury resulting in their deaths.[2] Undoubtedly, the MVRA authorizes restitution in "an amount equal to the cost of necessary funeral and related services" where "an offense resulting in bodily injury . . . results in the death of [a] victim." 18 U.S.C. § 3663A(b)(3). And there is equally no doubt that maintaining a drug-involved premises could so result in the death of a victim. Therefore, despite Mun's argument to the contrary, a conviction for maintaining a drug-involved premises does not necessarily foreclose an award of funeral and cremation expenses.

Mun next argues that the factual findings do not establish that his offense of conviction "directly and proximately caused" the victims' deaths. In so arguing, Mun emphasizes that it was the "wrongdoing of others" that caused J.B. and L.R.'s deaths and thus their family members' losses. Mun's argument is misguided.

In analyzing this issue, we look to whether Mun's offense of conviction was a but-for and proximate cause of J.B. and L.R.'s deaths. *See United States v. Sharma*, 703 F.3d 318, 323 (5th Cir. 2012).

First, but-for causation is "not a difficult burden to meet," and there can be "many but-for causes." *United States v. Salinas*, 918 F.3d 463, 466 (5th Cir. 2019) (citation omitted). As we have explained, but-for causation simply means that "the harm would not have occurred in the absence of . . . [Mun's] conduct." *Id.* In this case, the record evidence establishes exactly that. But-for Mun's operation and maintenance of the Hotel, J.B. and L.R. would not have died when they did.

---

[2] To that end, Mun's reliance on cases such as *United States v. Onyiego*, where the harm to the victims was *solely* in the form of property loss or damage, is misplaced. 286 F.3d 249, 251–52, 56 (5th Cir. 2002).

4

No. 20-10031

At bottom, through his actions, Mun maintained an unsafe environment replete with drug deals, overdoses, and instances of violence and torture. Mun walked the halls of the Hotel every day to collect the so-called drug "tax" from dealers. And Mun's conduct did not end there. He monitored the Hotel's security footage not only to keep track of the dealers but also to delete footage that portrayed illegal conduct. Additionally, Mun provided Hotel residents with advance notice when he knew that a compliance or law enforcement check was imminent so that the dealers could take precautions. Mun also paid a "cleanup crew" to remove dead bodies from the Hotel. In other words, Mun's actions maintained "an addict's paradise," where J.B. overdosed as onlookers refrained from calling 911 because the police could not come to the Hotel. And though L.R. might have died of a heroin overdose or a violent encounter with one of the dealers, Mun's maintenance of the Hotel similarly remains a but-for cause of her death. Plainly, but for Mun's maintenance of the Hotel, L.R. would not have died on the day that she did.

Next, a person is "proximately harmed" when the harm is "a reasonably foreseeable consequence of the criminal conduct." *United States v. Mathew*, 916 F.3d 510, 519 (5th Cir. 2019). Here, in the "addict's paradise," which Mun maintained and where dealers were incentivized not to call 911, the risk of a fatal overdose such as J.B.'s was reasonably foreseeable. Similarly, whether L.R.'s death was the result of a heroin overdose or a violent encounter with one of the dealers, either scenario was reasonably foreseeable. Just as a fatal drug overdose was reasonably foreseeable in "an addict's paradise," so too was a death at the hands of a dealer in an environment that the record reveals was rife with violent incidents such as bloody beatings, shootings, and torture with a butane torch.

As the district court observed, Mun maintained "a hotel of horrors" that was the scene of numerous drug deals, repeated overdoses, several

No. 20-10031

deaths, and various instances of torture. Against this backdrop, and pursuant to the MVRA, the district court properly ordered restitution based on losses directly and proximately caused by Mun's offense of conviction.[3]

## III.

For the foregoing reasons, we AFFIRM.

------

[3] The MVRA clearly authorized the restitution ordered in this case, that is, Mun's offense of conviction caused the victims' losses. To be sure, Mun agreed that the maximum penalties that the district court could impose included restitution, "which is mandatory under the law," i.e., pursuant to the MVRA. Therefore, we have no occasion to reach Mun's alternative argument that the restitution was not attributable to Mun's *relevant conduct* and thus outside the plea agreement.