# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 31, 2023

Lyle W. Cayce
Clerk

No. 22-40584
Summary Calendar

———————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Roderick DeWayne Chisley,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:22-CR-44-1

———————————————————

Before Higginbotham, Stewart, and Southwick, *Circuit Judges*:

Per Curiam:[*]

Roderick DeWayne Chisley was convicted after a jury trial of one count of conspiracy to transport an illegal alien within the United States and two counts of transporting an illegal alien within the United States for private financial gain. He now appeals.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Chisley argues that the district court erred by admitting expert testimony regarding the commercial trucking industry, asserting that the district court abdicated its gatekeeping role under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 594-95 (1993); the witness's testimony did not constitute expert testimony because it was not helpful to the jury; and the witness gave improper opinion testimony about Chisley's state of mind. Given the discussion in the record of the relevance of the expert's testimony and his qualifications as an expert in the trucking industry, "[t]his is not an instance where the record reflects that no *Daubert* inquiry took place," and we therefore disagree that the district court abdicated its gatekeeping role. *United States v. Hodge*, 933 F.3d 468, 476 (5th Cir. 2019) (internal quotation marks and citation omitted). Moreover, the district court did not abuse its discretion in finding that the expert's testimony would be helpful to the jury, *see Williams v. Manitowoc Cranes, L.L.C.*, 898 F.3d 607, 615 (5th Cir. 2018), and the expert's testimony regarding the trucking industry's standards and practices was not "the functional equivalent of an opinion whether [Chisley] knew he was" transporting aliens, *United States v. Ramirez-Velasquez*, 322 F.3d 868, 879 (5th Cir. 2003); *see also United States v. Gutierrez-Farias*, 294 F.3d 657, 663 (5th Cir. 2002).

Next, Chisley challenges the imposition of a special supervised release condition requiring mental health treatment. We agree that the record, which states that Chisley does not have a history of emotional or mental health problems, does not support the condition, and we vacate the condition as plainly erroneous. *See* 18 U.S.C. § 3583(d); *United States v. Gordon*, 838 F.3d 597, 603-05 (5th Cir. 2016).

The parties correctly assert that despite imposing a three-year supervised release term in the judgment, the district court failed to orally pronounce a specific term of supervised release. However, because the written judgment merely clarifies an ambiguous oral sentence, we decline

their request to remand to the district court for oral pronouncement of the supervised release term. *See United States v. Madrid*, 978 F.3d 201, 207 (5th Cir. 2020); *Schurmann v. United States*, 658 F.2d 389, 391 (5th Cir. 1981).

Finally, as the parties assert, the judgment contains two clerical errors concerning the statute of conviction. Chisley was indicted and convicted on Counts Two and Three for violating 8 U.S.C. § 1324(a)(1)(A)(ii), but the judgment also cites § "1324(a)(1)(v)(II)" under those counts. We assume this citation refers to § 1324(a)(1)(A)(v)(II), which relates to aiding and abetting, but because the record does not reflect that an aiding and abetting theory was presented to the jury, we remand for the purpose of correcting the judgment by omitting the citations to § "1324(a)(1)(v)(II)" for Counts Two and Three. *See* Fed. R. Crim. P. 36.

Accordingly, we VACATE the special condition of supervised release requiring mental health treatment and REMAND for the district court to correct the clerical errors in the judgment and to modify the special conditions of Chisley's supervised release in a manner consistent with this opinion. In all other respects, the judgment is AFFIRMED.