963 F.2d 368
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Betty M. ROSSER, Defendant-Appellant.
 No. 91-5856.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: April 1, 1992
Decided: May 29, 1992
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Charles H. Haden, II, Chief District Judge. (CR-91-29)
 Hunt L. Charach, Federal Public Defender, Leonard Kaplan, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant.
 Michael W. Carey, United States Attorney, Jacquelyn I. Custer, Assistant United States Attorney, Charleston, West Virginia, for Appellee.
 S.D.W.Va.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 Before WIDENER, SPROUSE, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Betty M. Rosser appeals the district court's judgment sentencing her to five years of probation and ordering her to pay the Government $11,516 in restitution. We find that the district court failed to limit restitution to the amount of loss the Government sustained as a result of the offense for which Rosser was convicted. Accordingly, we vacate the restitution order and remand the case for further proceedings.
 
 
 2
 Rosser received payments from the Social Security Administration and the Department of Labor as the representative payee for her brother. When Rosser's brother died in March 1987, she did not notify the Social Security Administration. She submitted reports in July 1987 and 1988 certifying that the funds she received were being spent for her brother's benefit. Rosser continued to receive survivor's benefits and black lung benefits until September 1988, accruing a total overpayment of $11,516 in benefits.* Rosser accumulated $1,288 of this $11,516 after she submitted the last false report.
 
 
 3
 In January 1991, pursuant to a plea agreement which subjected her to the provisions of the Victim and Witness Protection Act of 1982, Rosser pleaded guilty to a one-count information charging her with making a false statement to the Social Security Administration in July 1988 in violation of 30 U.S.C. § 941 (1988). The district court ordered the preparation of a presentence investigation report which included a section addressing Rosser's assets, monthly income, monthly expenses, and her net monthly cash flow. Paragraph thirteen of the report stated that Rosser was subject to $11,516 of restitution, the total amount of unauthorized payments which Rosser received.
 
 
 4
 At her sentencing hearing, Rosser objected to the amount of restitution shown in the presentence report. Rosser asserted that she was only subject to restitution for $1,288, the amount attributable to payments Rosser received after she submitted the second false report in July 1988. Rejecting Rosser's argument, the district court sentenced her to five years of probation and ordered her to pay $11,516 in restitution, payable in monthly installments over five years as determined by the probation officer. Rosser timely appealed her sentence.
 
 
 5
 Title 18 of the United States Code Annotated, § 3563(b)(3) (West 1985 & Supp. 1991), states that a "court may provide, as further conditions of a sentence of probation, ... that the defendant ... make restitution to a victim of the offense under [the restitution provisions of the Victim and Witness Protection Act, 18 U.S.C.A.ss 3663-3664 (West 1985 & Supp. 1991) ]." The Supreme Court has held that the Victim and Witness Protection Act "authorize[s] an award of restitution only for the loss caused by the specific conduct that is the basis of the offense of conviction." Hughey v. United States, 495 U.S. 411, 413 (1990) (footnote omitted).
 
 
 6
 In this case, Rosser's submission of a false report to the Social Security Administration in July 1988 was the basis of her offense of conviction. The Government sustained a $1,288 loss as a result of Rosser's false submission. Therefore, pursuant to 18 U.S.C.A. § 3563(b), the district court was authorized to order restitution only for this amount-not the total $11,516 Rosser wrongfully acquired. The Government concedes this issue and agrees with Rosser that a remand is required to correct this error.
 
 
 7
 With regard to Rosser's second argument, under 18 U.S.C.A. § 3664(a) (West 1985 & Supp. 1991), a district court must consider several factors in deciding whether to order restitution under § 3663 and what amount of restitution to order, including the amount of loss the victim sustained as a result of the offense, the defendant's financial resources, and the earning capacity and financial needs of the defendant and her dependents. The district court must make clear findings of facts regarding these statutory factors. United States v. Bruchey, 810 F.2d 456, 458-59 (4th Cir. 1987). Rosser contends that the district court failed to make appropriate factual findings concerning her financial situation before ordering restitution. The Government argues that Rosser's presentence report served as the "functional equivalent" of the required factual findings.
 
 
 8
 The presentence report contained detailed information about the losses sustained by the Government as a result of Rosser's offense, as well as information about Rosser's financial resources, the financial needs of Rosser and her dependents, and Rosser's earning capacity. The district court adopted the factual findings of the presentence report and stated simply that by ordering restitution to be paid in monthly installments over the five year probation period, the payments were "low enough that the defendant can make those payments." We find that the district court made the factual findings mandated by § 3664.
 
 
 9
 In conclusion, the district court failed to limit its restitution order to the amount of the Government's loss stemming from the offense for which Rosser was convicted. In ordering restitution, however, the district court made the specific factual findings required by 18 U.S.C.A. § 3664. Accordingly, we vacate the court's restitution order, affirm the court's factual findings under § 3664, and remand the case for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 10
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED
 
 
 
 *
 Rosser's overpayment from the Social Security Administration for survivor's benefits totalled $5,040, and her overpayment for black lung benefits totalled $6,476