REVISED DECEMBER 15, 2005

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 29, 2005**

Charles R. Fulbruge III
Clerk

No. 04-30944
consolidated w/ 05-30012

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAULETTE MARIE LOVE,

Defendant-Appellant.

Appeals from the United States District Court
for the Eastern District of Louisiana

Before REAVLEY, HIGGINBOTHAM, and GARZA, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Defendant Laulette Love challenges the lower court's imposition as a condition of supervised release that she pay restitution previously ordered by a North Carolina federal district court. We conclude that the imposition of the condition was proper and affirm.

I

In 2001, defendant Laulette Love pleaded guilty in Louisiana district court to one count of attempted and two counts of completed credit card fraud. As part of her plea agreement, she

agreed to pay restitution in accordance with the Victim and Witness Protection Act (VWPA)[1] and the Mandatory Victims Restitution Act (MVRA),[2] statutes respectively allowing and mandating restitution to victims of specified crimes. The court sentenced her to sixteen months of imprisonment to be followed by three years of supervised release. It also ordered her to pay $11,000 in restitution to City Financial Bank, one of the victims.

After Love completed her prison term and about one year of supervised release, the Government moved to revoke her release after she tested positive for drug use, absconded from supervised released, was convicted of forgery in Washington state, and had not kept up with her monthly restitution payments. The judge revoked her release and sentenced her to eighteen months of imprisonment followed by eighteen months of supervised release. The judge imposed as a condition of this release not only that Love pay the remaining restitution previously ordered in this case, but also that she should pay about $50,000 in unpaid restitution ordered by a North Carolina federal district court following a credit card fraud conviction in 1993.[3] After detailing Love's lengthy criminal history and multiple convictions for fraud, the court stated that the only reason it was reimposing a term of supervised release was

---

[1] 18 U.S.C. §§ 3663.

[2] 18 U.S.C. §§ 3663A.

[3] Love's supervised release term for that conviction had expired without revocation even though she had not paid that restitution.

to require Love to pay some of the restitution owed.  Love appealed this judgment.

She also filed a motion to correct sentence under FED. R. CRIM. P. 35, arguing that restitution for losses beyond the scope of conviction could not be imposed as a condition of supervised release under § 3563(b)(2), as applied through § 3583(d), the statute governing conditions of supervised release.[4]  The district court denied the motion, holding that it had not ordered restitution under that part of § 3583(d) allowing it to impose restitution under § 3563(b)(2), but instead had exercised its power under the last part of § 3583(d), the catch-all provision allowing it to impose conditions "it considers to be appropriate," to order Love to comply with a previously existing order.  Love also appealed this decision, and, pursuant to her motion, the appeals were consolidated because they involve essentially the same issue.

## II.

The single, narrow issue in this case is whether a court can impose, as a condition of supervised release, that the defendant pay the unpaid restitution ordered as part of a sentence by another

---

[4] 18 U.S.C. § 3583(d) gives judges discretion to impose as a condition of supervised release "any condition set forth as a discretionary condition on probation in section 3563(b)(1) through (b)(10) and (b)(12) through (b)(20), and any other condition it considers to be appropriate." *See also United States v. Del Barrio*, ___ F.3d ___ (5th Cir. 2005) (discussing the conditions on probation).

3

federal court in another federal case.[5]  Such a question of law is reviewed *de novo*.[6]

A federal court cannot order restitution "except when authorized by statute."[7]  There are two sources of statutory authority.  First, 18 U.S.C. § 3556 provides that a district court may or shall order restitution as part of a sentence "in accordance with" the VWPA and the MVRA.  In *Hughey v. United States*,[8] the Supreme Court held that restitution under the VWPA is limited to loss to victims of the offenses of conviction; in *United States v. Mancillas*, this court expanded that limitation to the MVRA, allowing restitution for losses from the same scheme, conspiracy, or pattern, in accordance with the statutory language.[9] Because there was no evidence that Love's North Carolina offenses were part of the same scheme, conspiracy, or pattern as her underlying offenses here, the district court could not - and did not - rely on § 3556 for the latter, contested order of restitution.

Instead, the court relied on the other statutory authority for restitution, 18 U.S.C. § 3583, the statute dealing with imposition

---

[5] It is irrelevant that the district court imposed this condition on supervised release after revoking a previous term of supervised release.  A court after revocation can impose conditions that it did not impose initially, as long as it had the statutory authority to impose them initially.  *Johnson v. United States*, 529 U.S. 694, 713 (2000); 18 U.S.C. § 3583(h).

[6] *United States v. Ibarra*, 965 F.2d 1354, 1357 (5th Cir. 1992).

[7] *United States v. Bok*, 156 F.3d 157, 166 (2d Cir. 1998).

[8] 495 U.S. 411, 415 (1990).

[9] 172 F.3d 341, 343 (5th Cir. 1999).

4

of supervised release. Under § 3583(d), the court is required to impose certain conditions of supervised release, such as the condition that the defendant not commit another crime during the term of release. In addition, that section provides that

> The court may order, as a further condition of supervised release, to the extent that such condition-
> (1) is reasonably related to the factors set forth in section 3553(a)(1), (a)(2)(C), and (a)(2)(D);
> (2) involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in section 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D); and
> (3) is consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S. C. 994(a);
> any condition set forth as a discretionary condition of probation in section 3563(b)(1) through (b)(10) and (b)(12) through (b)(20), and any other condition it considers to be
>
> appropriate.[10]

One of the discretionary conditions of probation, section 3563(b)(2), authorizes an order of "restitution to a victim of the offense under section 3556 (but not subject to the limitation of [the VWPA] or [the MVPA])." Love argues that the inapplicable "limitation" to which § 3563(b)(2) refers is the limitation in the VWPA and the MVPA that those sections apply only to certain crimes, not the *Hughey* limitation that restitution must be to victims for losses resulting from the offenses of conviction. Although this argument seems correct,[11] we need not rule on it because the

---

[10] These requirement are essentially restated in U.S.S.G. § 5D1.3(b).

[11] The text of § 3563(b)(2) limits restitution to victims of "*the offense*," a phrase almost identical the VWPA phrase construed by the Court in *Hughey*. Furthermore, authorities discussing the nature of the inapplicable "limitation" mentioned in § 3563(b)(2) focus on the type of crime, not the *Hughey* limitation.

5

district court explicitly did not rule on it. Rather, it ostensibly used its discretion under the last part of § 3583(d), the catch-all provision allowing it to impose "any other condition it considers to be appropriate."

Love contends, in a sort of *ejusdem generis* argument, that the court cannot order under the catch-all provision what it could not order under the specific provision.[12] She finds support for this contention in *United States v. Cottman*, in which the Third Circuit foreclosed reliance on the catch-all provision to support a restitution order not permitted by § 3563(b)(2): "[T]he order of restitution must follow the provisions of § 3563....otherwise, the 'catch-all' exception prong of § 3583(d) would swallow the rule."[13] The Government cites three cases which it argues disagree with *Cottman*. Only one is arguably on point,[14] *United States v. Daddato*,

---

See U.S.S.G. § 5E1.1(a)(2) (restitution may be ordered even "if the offense is not an offense for which restitution is authorized...but otherwise meets the criteria for an order of restitution under that section"); *United States v. Dahlstrom*, 180 F.3d 677, 686 (5th Cir. 1999) (noting that even if restitution is not permitted for the underlying crime under the VWPA, "a district court may order restitution within the context of supervised release"); *United States v. Bok*, 156 F.3d 157, 166-67 (2d Cir. 1998). Finally, numerous circuit courts have expressly held that the *Hughey* limitation applies to § 3563(b)(2). *See Gall v. United States*, 21 F.3d 107, 109-110 (6th Cir. 1994); *United States v. Romines*, 204 F.3d 1067, 1068-69 (11th Cir. 2000); *United States v. Rosser*, No. 91-5856, 1992 WL 113384, at *1 (4th Cir. May 29, 1992) (unpub.) (the Government conceded the issue).

[12] The Government does not argue, and there is no reason to think, that any of the probation conditions other than § 3563(b)(2) could apply.

[13] 142 F.3d 160, 169-70 (3d Cir. 1998).

[14] The other two are *Bok*, 156 F.3d at 166, and *Dahlstrom*, 180 F.3d at 686. As we described, *see supra* note 11, these cases held that the "enumerated crime limitation" of the VWPA and the MVRA does not apply to § 3563(b)(2), not that the *Hughey* limitation does not apply to § 3563(b)(2). They do not address the

6

and that case may not disagree with *Cottman* after all.[15]  In any event, again, we need not address this issue because the district court held that, even if *Cottman* were the rule in this circuit, the court here did not make a separate order of restitution, it merely ordered that Love pay previously ordered restitution - a general condition on supervised release proper under the catch-all provision and not addressed by the specific provision.  Whether that characterization of the order is correct is the heart of this case.

To explain its characterization, the district court cited *United States v. Howard*, in which the district court ordered restitution as part of a sentence for bank fraud and later, upon revocation of supervised released, ordered payment of the unpaid

holding of *Cottman*.

[15] 996 F.2d 903, 904 (7th Cir. 1993).  In *Daddato*, the court ordered the defendant pay $3,650 in "buy money" back to the Government as a condition of supervised release.  The court upheld the order under the catch-all provision of § 3583(d) while noting that the Government was obviously not a "victim" of a convicted crime (meaning that restitution could not have been ordered pursuant to § 3563(b)(2) if the *Hughey* limitation applied).  But the court focused on the nature of repaid "buy money" as money going to the Government to pay the cost of investigation, holding that repaid buy money was not normal restitution as envisaged by the statute which led to the *Hughey* limitation.  It even considered repayment of buy money a kind of "community service."  In other words, the court did not consider the district court to be ordering something under the catch-all provision that was expressly excluded under the specific provision.  Furthermore, in holding that the statute which led to *Hughey* did not "occupy the field" of criminal restitution in general, the court focused on the fact that the statute dealt with compensating victims - implicitly holding that it *did* occupy the field of criminal restitution to victims, as is the case here.  In short, the court in *Daddato* simply held that a district court could order the repayment of buy money as a condition of supervised release under the catch-all provision - not that a court could order restitution to a victim as a condition of supervised release under the catch-all provision when it could not do so under the specific provision dealing with restitution.

7

restitution previously ordered. In rejecting an *ex post facto* challenge by the defendant, this court held that the "district court did not impose a second restitution order, but merely recognized the prior imposition of restitution which had not been paid when the supervised release was revoked."[16] Love argues that her case is different from Howard's in a critical respect: in *Howard*, the same district court which convicted him ordered him to pay restitution previously ordered in the same case for the same offense. Here, by contrast, the court ordered Love to pay restitution ordered in different jurisdiction in a different case for a different offense. She argues that her case, unlike Howard's, implicates the concern addressed in *Cottman*: use of the catch-all provision to circumvent the *Hughey* restriction of restitution to victims of the underlying offense. She also argues that the Government in *United States v. Miller* conceded the position she advances here.[17]

Moreover, Love argues, affirming the district court here would

---

[16] 220 F.3d 645, 647 (5th Cir. 2000).

[17] No. 03-11217, 2005 WL 768757 (5th Cir. Apr. 6, 2005). The question in *Miller* was how to construe the language in *United States v. Stout*, 32 F.3d 901, 904 (5th Cir. 1994), that "[s]entencing courts are permitted to impose restitution as a condition of supervised release to the extent agreed to by the government and the defendant in a plea agreement." Miller argued that a court could not order restitution as a condition of supervised release in the absence of a plea agreement. The Government took the more narrow position that agreement to restitution as a condition of supervised release in a plea agreement was required only where restitution was foreclosed by statute because it was for conduct beyond the counts of conviction. The court avoided the issue by deciding that, even if the defendant's consent in a plea agreement was required, Miller had so consented.

be constitutionally troubling. Both Article III, Section 2 and the Vicinage Clause of the Sixth Amendment mean that she could not have been prosecuted in the Louisiana district court for her North Carolina crimes, meaning that the lower court here could not have issued the original restitution order. She argues that allowing a district court to enforce a criminal order it could not issue is improper. Furthermore, she contends that ordering her to pay restitution in the North Carolina case effects double jeopardy.[18]

We agree with the district court that its order was not a new order of restitution, and thus proper under § 3583(d). It is critical to remember that our task here is to interpret a statute – does the catch-all provision in § 3583(d) authorize the order at issue, or does it not? Love makes a good *ejusdem generis* argument, but the strong countervailing evidence of statutory intent, combined with the broad text of the catch-all provision, outweigh that instructive canon. It is clear that Congress thinks people on supervised release must not commit other crimes,[19] and it would be contempt for Love not to pay the restitution ordered by the North

_____

[18] She points out that the probation officer and prosecutor in her North Carolina case allowed her supervised release to expire without attempting to revoke it. Arguing that one of the purposes of the Double Jeopardy Clause is to provide repose to the defendant, *see United States v. Rodriguez*, 612 F.2d 906, 921 (5th Cir. 1980), she contends that the lower court's order here effectively revives an expired possibility of incarceration. *But see* infra note 20 (discussing whether her obligation to pay had expired and whether she could be incarcerated by the North Carolina court for contempt for failure to pay).

[19] *See* 18 U.S.C. § 3583(d) (stating that a mandatory condition of supervised release is that the defendant not commit another crime); U.S.S.G. § 5D1.3(a)(1) (same).

9

Carolina district court.[20] Furthermore, Congress has stated that parents on supervised release must obey previously existing child support orders issued by any court - a condition almost identical to the one here.[21] While it is probable that the catch-all provision would not allow a court to order in the first instance restitution for which Congress implicitly has denied authorization by now allowing it under § 3563(b)(2), the catch-all provision does allow a court to order compliance with a previously existing order, a practice of which Congress has specifically indicated approval.[22]

We are not persuaded by Love's constitutional arguments. As the Government points out, no one has successfully challenged the

---

[20] Love argues that her obligation to pay the North Carolina restitution expired when her North Carolina supervised release expired, meaning there could be no contempt. This appears incorrect. *See United States v. Berardini*, 112 F.3d 606, 611 (2d Cir. 1997); *United States v. Rostoff*, 164 F.3d 63, 65 (1st Cir. 1999); *but see United States v. O'Brien*, 109 Fed. Appx. 49 (6th Cir. 2004); *United States v. Webb*, 30 F.3d 687, 691-92 (6th Cir. 1994) (Jones, J. concurring). She also argues that the federal contempt statute, 18 U.S.C. § 401, limits a court's ability to punish contempt to contempt of its own authority. This misses the point. If the restitution order survived the expiration of her supervised released, it would still be a violation of the law for Love not to pay the previously ordered restitution, even if only the North Carolina court could punish her for that offense. The lower court here, by ordering Love to comply with the order of another court, was simply ordering her to obey the law. Finally, we note again that the purpose here is to determine how to interpret § 3583(d) - it would not change our conclusion if Love's failure to pay was not contempt.

[21] 18 U.S.C. § 3563(b)(20); U.S.S.G. § 5D1.3(c)(4). Love argues that the analogy to child support orders is self-defeating in that, because both the Sentencing Guidelines and § 3563(b)(20) expressly authorize such a condition, it highlights the lack of such express authorization for the condition here. But if there were an express condition allowing for the order here, then no analogy would be needed - analogies have logical force precisely because they require an inferential step.

[22] Although the Government's concession in *Miller* is not controlling, we note that it is inapplicable here because we hold that the lower court did not impose a new order of restitution.

10

imposition of the child support condition on constitutional grounds.[23] More importantly, we disagree with her contention, critical to both of her arguments, that the court below was punishing Love for her North Carolina crimes. The court was setting a condition of supervised release for her present crimes, which constitutes punishment for those crimes. All conditions of supervised release restrict a defendant's freedom, and a defendant who has committed crimes in the past may have her freedom restricted more than a first-time offender. Treating a defendant with a record differently than a defendant without a record does not necessarily mean that you are subjecting the former to double jeopardy or somehow trying the defendant in an improper venue.[24]

Having rejected Love's *ejusdem generis* argument, we note that a condition imposed under the catch-all provision must still satisfy the factors in § 3583(d)(1)-(3) - that it is related to a

---

[23] Love's argument that, because child support orders in states in the Fifth Circuit are a civil matter, there is no Article III or Sixth Amendment problem for the child support condition on supervised release, is unconvincing because in some states the non-payment of child support orders is criminal. Thus, one can imagine a state criminal order to pay child support followed by the imposition in federal court of a condition of supervised release that the parent follow the criminal order. But Love's argument that, because child support orders are always state orders, there is no Double Jeopardy problem for the child support condition on supervised release, is correct.

[24] *See United States v. Witte*, 515 U.S. 389, 400 (1995) ("In repeatedly upholding such recidivism statutes [such as three-strikes laws], we have rejected double jeopardy challenges because the enhanced punishment imposed for the later offense is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes, but instead as a stiffened penalty for the latest crime[.]"); *United States v. Conner*, 886 F.2d 984, 985 (8th Cir. 1989) (upholding the Armed Career Criminal Act against a Double Jeopardy challenge), *cert. denied*, 493 U.S. 1089 (1990); *United States v. Presley*, 52 F.3d 64, 68 (4th Cir. 1995) (same).

11

punitive goal, is no greater than necessary, and is consistent with a policy statement of the Sentencing Commission. Because Love does not challenge on appeal the district court's application of those factors, we do not address the issue.

For the foregoing reasons, the district court's judgment is AFFIRMED.