United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 13, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-31019
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TIEN THANG NGUYEN, also known as Cody, also known as Tien Thanh
Nguyen,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:00-CR-305-5

_____

Before REAVLEY, JOLLY, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

The judgment of the district court is affirmed except with
respect to the order to pay restitution.

It is clear that the district court has the authority to
order, as a condition of supervised release, that the defendant pay
unpaid restitution ordered as a part of a sentence imposed by
another court. See United States v. Love, 431 F.3d 477 (5th Cir.
2005) (relying on the "catch-all" provision of 18 U.S.C. § 3583(d)
allowing "any other condition [the district court] considers
appropriate"). This discretionary authority does not, however,

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

allow the district court to alter the restitution order of that other court, or to make a separate and independent order of restitution. See Love, 431 F.3d at 482-83 (noting that critical to its holding was the fact that the district court had not made a separate order of restitution but merely ordered Love to pay previously ordered restitution).

The order of restitution is therefore vacated, and the case is remanded to allow the district court to conform its order with the state court order of restitution. All other conditions of the supervised release and all other terms of the judgment are affirmed.

AFFIRMED in part, VACATED in part, and REMANDED.