IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 9, 2008

Charles R. Fulbruge III
Clerk

No. 07-40779

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ARNOLDO GUTIERREZ-AVASCAL aka Armando Gutierrez-Abascal

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before BARKSDALE, BENAVIDES, and DENNIS, Circuit Judges.

RHESA HAWKINS BARKSDALE, Circuit Judge:

Having pleaded guilty to conspiring to possess marijuana with the intent to distribute, in violation of 21 U.S.C. § 846, Arnoldo Gutierrez-Avascal contests being required to pay restitution. Primarily at issue is whether restitution is statutorily authorized for a conspiracy conviction under 21 U.S.C. § 846. AFFIRMED.

I.

Gutierrez was indicted on one count of conspiring to possess marijuana with intent to distribute, in violation of 21 U.S.C. § 846, and on one count of possessing marijuana with intent to distribute, in violation of 21 U.S.C. § 841

and 18 U.S.C. § 2. The indictment alleged that the conspiracy occurred on or about 5 February 2007. Gutierrez pleaded guilty to the conspiracy count.

The Presentence Investigation Report (PSR) recommended that Gutierrez' base offense level was 26. It also recommended a two-level enhancement for reckless endangerment during flight, based on Gutierrez' 5 February attempt to avoid apprehension by law enforcement officers. The PSR stated: Agents, while conducting surveillance regarding suspected drug-trafficking activity, attempted to follow a vehicle driven by Gutierrez; during the pursuit, Gutierrez—whose vehicle contained 135.5 kilograms of marijuana—drove at approximately 50 miles per hour in a residential area during heavy traffic and failed to observe traffic signals; and Gutierrez' vehicle struck a vehicle occupied by Gilberto and Flora Trevino (the Trevinos), resulting in injuries to Gilberto Trevino that were treated at a hospital. The PSR recommended restitution of $4,062.46 for the Trevinos.

Gutierrez filed a memorandum opposing restitution. He contended: restitution was not authorized by statute; and the Trevinos were not "victims", as defined by statute, because their losses did not arise as a result of conduct underlying the offense of conviction. In response, the Government maintained restitution was authorized under 18 U.S.C. § 3663 (providing for discretionary restitution). The probation officer's restitution recommendation, however, was changed to recommend no restitution because of the statutes at issue.

The court stated at sentencing that, unless persuaded otherwise by permitted supplemental briefing, it would order restitution, overruling Gutierrez' objection (and not following the probation officer's altered position). Subsequently, as reflected in the judgment, Gutierrez was sentenced, inter alia, to a 70-month term of imprisonment and ordered to pay $4,062.46 in restitution to the Trevinos.

II.

"A federal court cannot order restitution except when authorized by statute." United States v. Love, 431 F.3d 477, 479 (5th Cir. 2005) (citation and internal quotation marks omitted). The legality of a restitution order is reviewed de novo. United States v. Onyiego, 286 F.3d 249, 256 (5th Cir. 2002). If it is determined that restitution is authorized by statute, "the propriety of a particular award [is reviewed] for an abuse of discretion". Id. (citation and internal quotation marks omitted).

Regarding those standards of review, Gutierrez maintains: the district court was not authorized by statute to order restitution; and, in the alternative, even if authorized, the district court abused its discretion by requiring restitution.

A.

Our first task is to determine whether restitution was authorized by statute. Under 18 U.S.C. § 3556, "[t]he court, in imposing a sentence on a defendant who has been found guilty of an offense shall order restitution in accordance with section 3663A, and may order restitution in accordance with section 3663". (Emphasis added.) Restated, § 3556 governs restitution under the discretionary Victim and Witness Protection Act (VWPA), 18 U.S.C. § 3663, and the mandatory Mandatory Victims Restitution Act (MVRA), 18 U.S.C. § 3663A. Love, 431 F.3d at 479-80. The district court did not identify the statutory basis for its restitution award.

Simply stated, restitution was not authorized under the MVRA. The Government contends restitution, instead, was permissible under the VWPA, which provides the district court with authority to order that a defendant convicted of certain offenses provide restitution to the victim. 18 U.S.C. § 3663(a)(1)(A). The list of offenses for which restitution may be ordered under the VWPA includes "an offense under this title, section 401, 408(a), 409, 416, 420,

or 422(a) of the Controlled Substances Act (21 U.S.C. 841, 848(a), 849, 856, 861, 863)". Id. A "victim" for VWPA purposes is defined as "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered". 18 U.S.C. § 3663(a)(2).

As Gutierrez correctly notes, 21 U.S.C. § 846 (drug conspiracy), the statute under which he was convicted, is not among the enumerated offenses for which restitution is authorized under the VWPA. 18 U.S.C. § 3663(a)(1)(A). Gutierrez contends, therefore, that the district court lacked authority to order restitution under the VWPA. The Government, however, maintains restitution is authorized by the VWPA because, although not enumerated in the restitution statute, the statute of conviction (§ 846) provides: "Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense". 21 U.S.C. § 846 (emphasis added). The object of Gutierrez' conspiracy—possession of a controlled substance with the intent to distribute—is criminalized under 21 U.S.C. § 841, a provision that is one of the enumerated offenses under the VWPA. See 18 U.S.C. § 3663(a)(1)(A). The Government contends, therefore, that the VWPA authorizes restitution in this case, citing United States v. Daniel, 14 F. App'x 355, 365 (6th Cir. 2001) (unpublished).

Relying on tools of statutory interpretation and legislative history, Gutierrez characterizes as "overly simplistic" and erroneous the Government's rationale, as well as that of the Sixth Circuit in the above-referenced unpublished opinion. We disagree. The language of § 846 is clear: those convicted of a conspiracy are subject to the same punishment as the target of that conspiracy. It is undisputed that a district court, in its discretion, has the authority under the VWPA to order a defendant convicted under § 841 to pay restitution. The same authority exists, under the express terms of § 846, against

those who conspire to commit that crime. We need not look beyond this plain language to conclude that the VWPA authorizes restitution in this case.

B.

Alternatively, Gutierrez contends: even if restitution is authorized for an offense under § 846, the restitution order constitutes an abuse of discretion because the losses suffered by the Trevinos fall outside the parameters of an offense under § 846 and are "too attenuated from the offense of conviction to support a restitution order". We again disagree.

The VWPA authorizes the district court to order that the defendant provide restitution to "any person directly harmed by the defendant's criminal conduct in the course of [an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity]". 18 U.S.C. § 3663(a)(2). Our court has held: "[W]here a fraudulent scheme is an element of the conviction, the court may award restitution for 'actions pursuant to that scheme'". United States v. Cothran, 302 F.3d 279, 289 (5th Cir. 2002) (quoting United States v. Stouffer, 986 F.2d 916, 928 (5th Cir. 1993)).

Gutierrez was engaged in activity in furtherance of the marijuana conspiracy charged in the indictment when the vehicle he was driving collided with the Trevinos' vehicle. The collision occurred on 5 February 2007, the date alleged in the conspiracy count of the indictment, when Gutierrez, aided by another person, attempted to flee from pursuing law enforcement officers. In this regard, as the Agents pursued Gutierrez, a second vehicle pulled in front of the Agents in an attempt both to slow them down and block them from following Gutierrez. The vehicle driven by Gutierrez contained 135.5 kilograms of marijuana, a quantity corresponding to the allegations of the conspiracy count of the indictment. As stated, in attempting to flee, he collided with the Trevinos' vehicle.

We hold, therefore, that the restitution order was not an abuse of discretion because the Trevinos were "directly harmed by [Gutierrez'] criminal conduct in the course of the . . . conspiracy".  18 U.S.C. § 3663(a)(2).

## III.

For the foregoing reasons, the judgment is AFFIRMED.