# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 10, 2010

Lyle W. Cayce
Clerk

No. 09-40886
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GILBERT GOTORA,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:08-CR-164-3

Before DENNIS, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Gilbert Gotora pleaded guilty, without a written plea agreement, to conspiracy to defraud the United States and conspiracy to commit identity theft and bank fraud. 18 U.S.C. §§ 286, 371. The district court sentenced Gotora to concurrent prison terms of 78 months on Count 1 and 60 months on Count 2 and ordered concurrent three-year terms of supervised release on both counts. The court further ordered restitution in the amount of $1,167,546, representing the actual loss to the Internal Revenue Service (IRS). Gotora argues on appeal that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the district court erred in calculating the loss amounts, resulting in an 18-level increase in his offense level pursuant to U.S.S.G. § 2B1.1(b)(1)(J); in determining the amount of restitution; and in denying an offense level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1.

We find that, for sentencing purposes, there is sufficient evidence for the district court to have concluded that the amount of actual loss was $1,167,546 and the intended loss was $3,818,533. *United States v. Taylor*, 582 F.3d 558, 564 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 1116 (2010). This evidence includes the testimony of two IRS special agents that was supported by documentary evidence, the testimony of Gotora's coconspirator, and Gotora's own admissions. We find that the district court committed no clear error in finding Gotora responsible for the entire loss amounts. *United States v. Lghodaro*, 967 F.2d 1028, 1030 (5th Cir. 1992) (affirming where the court's findings regarding reasonable foreseeability were not expressly made, but the meaning of the court's findings was clear). For similar reasons, the district court did not abuse its discretion in ordering restitution in the full amount of the IRS's actual loss. *United States v. Gutierrez-Avascal*, 542 F.3d 495, 497-98 (5th Cir. 2008); *United States v. Adams*, 363 F.3d 363, 365-67 (5th Cir. 2004).

Based on the evidence and the "extremely deferential standard of review" accorded to decisions regarding offense level reductions pursuant to U.S.S.G. § 3E1.1, Gotora has not shown that the district court committed reversible error in finding that he failed to admit the conduct comprising his offense and thus had not sufficiently accepted responsibility to deserve a downward adjustment. *United States v. Angeles-Mendoza*, 407 F.3d 742, 752-53 (5th Cir. 2005); *see United States v. Vital*, 68 F.3d 114, 120-21 (5th Cir. 1995).

The judgment of the district court is AFFIRMED.