# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 22, 2011

No. 09-20686
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ALLAN LOHRMAN; JIMMY FRAZIER,

Defendants - Appellants

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CR-392-1

Before BARKSDALE, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Allan Lohrman appeals: his convictions for conspiracy to commit mail fraud and 31 counts of mail fraud, in violation of 18 U.S.C. §§ 1349 and 1341, respectively; and his resulting sentence of 135 months' imprisonment. Jimmy Frazier appeals: his convictions for conspiracy to commit mail fraud and six counts of mail fraud, in violation of 18 U.S.C. §§ 1349 and 1341, respectively; and the award of restitution for $21,613.17 made against him, jointly and severally.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Lohrman and Frazier preserved their sufficiency-of-the-evidence claims by moving for a judgment of acquittal at the close of the Government's case and renewing their motions at the close of all the evidence. *E.g.*, *United States v. Ferguson*, 211 F.3d 878, 882 (5th Cir. 2000). (The Government asserts Lohrman waived his sufficiency-of-the-evidence claim by inadequately briefing it, in violation of Federal Rule of Appellate Procedure 28(a)(9)(A). Although it is a close call, Lohrman adequately briefed this issue. Counsel is cautioned to comply fully with the rules concerning briefing.)

The sufficiency claims having been preserved, the denials of the motions for judgment of acquittal are reviewed *de novo*. *Id*. In reviewing the sufficiency of the evidence, we ask whether, "viewing the evidence and the inferences that may be drawn from it in the light most favorable to the verdict, a rational jury could have found the essential elements of the offenses beyond a reasonable doubt". *United States v. Clark*, 577 F.3d 273, 284 (5th Cir. 2009) (internal citations and quotation marks omitted).

Along this line, Lohrman contends the Government failed to produce sufficient evidence showing he was involved in the below-described "back-door sales pitch" and in selling nonexistent magazines. The evidence reflects that Lohrman was a major player in the scheme to sell advertisements in non-existent magazines, or published magazines without public circulation. He admitted: he rented the office space where the scheme took place; leased the mail boxes used for the scheme; chose to do business on a cash basis; paid the participants; and the salesmen used a written sales pitch most likely written by Guillory.

Guillory testified that the "back-door sales pitch" was the primary one used to sell the advertisements. This involved telling customers they had previously agreed to purchase an ad, the magazine had been printed, and payment was due. The salesmen would confirm these sales to customers through false backdated invoices. These invoices were found in the office during

a search and many of the victims testified about receiving such invoices and being told to make an immediate payment.

Viewing the evidence in the light most favorable to the verdict, a rational juror could have found, beyond a reasonable doubt, that Lohrman and his co-conspirators agreed to enter into a fraudulent scheme to defraud victims through use of the "back-door sales pitch", as well as through other deceptive practices, and used the mails to achieve their purpose of obtaining funds from their victims. In short, there was sufficient evidence for a rational juror to find him guilty of conspiracy to commit mail fraud and 31 charges of mail fraud. *See, e.g.*, *Clark*, 577 F.3d at 286; *United States v. Ingles,* 445 F.3d 830, 838 (5th Cir. 2006).

Frazier contends the Government failed to prove he conspired to use the mails to sell advertisements for fraudulent magazines or committed mail fraud because: he was a mere salesman; he did not use the "back-door sales pitch"; and there was no evidence tying him to the advertising sales for the *Highway Patrolman,* which was the publication involved in the six mail fraud counts on which he was found guilty.

There was sufficient evidence that Frazier was involved in the fraudulent scheme and made sales for advertisements in the *Highway Patrolman*. The "back-door sales pitch" was regularly used in the office as part of the scheme, in conjunction with the mailing of backdated invoices to customers. Accordingly, viewing the evidence in the light most favorable to the verdict, a rational juror could have found that Frazier agreed to participate in the scheme to use deceptive practices, including the use of the "back-door sales pitch", and use the mails to obtain payments from the victims. *See, e.g.*, *Clark*, 577 F.3d at 286; *Ingles,* 445 F.3d at 838.

Lohrman maintains the district court erred in finding the applicable amount of loss was $455,000, and applying the resulting 14-level enhancement pursuant to advisory sentencing Guideline § 2B1.1(b)(1)(H). He asserts the

district court erred in relying on undated documents not clearly used in the conspiracy.

Amount of loss is a factual finding reviewed only for clear error; the district court "receives wide latitude to determine the amount of loss and should make a reasonable estimate based on available information". *United States v. Jones*, 475 F.3d 701, 705 (5th Cir. 2007). Because the district court "is in a unique position to assess the evidence and assess the loss based upon that evidence", its "loss determination is entitled to appropriate deference". U.S.S.G. § 2B1.1 cmt. n.3(C). The "loss is the greater of actual loss or intended loss", the latter being determined by defendant's actual intent. U.S.S.G. § 2B1.1 cmt. n.3(A); *see also United States v. Pennell*, 409 F.3d 240, 244 (5th Cir. 2005).

The court determined: because the fraudulent conduct had continued over an extended period of time, the inability to precisely determine the dates the money was solicited was not fatal to the loss calculation. There was reliable evidence, in addition to the information in the presentence investigation report, that the loss amount was limited to evidence found at the business, and that the intended-loss estimation was reasonable. *See, e.g.*, *Pennell*, 409 F.3d at 244. Many documents were excluded because they did not contain dollar amounts or were found in Lohrman's home.

Finally, regarding the district court's ruling that Frazier was to make $21,613.17 in restitution, he asserts the court erred because: none of the alleged victims who lost money testified at trial; and he was not connected to any of those victims. Because the offenses involved fraud or deceit, the court was entitled to award restitution to the victims. *See* 18 U.S.C. § 3663A(a)(1), (c)(1)(A)(ii); *United States v. Cothran*, 302 F.3d 279, 289-90 (5th Cir. 2002). A restitution award is reviewed for abuse of discretion. *United States v. McMillan*, 600 F.3d 434, 459 (5th Cir.), *cert. denied*, 131 S. Ct. 504 (2010). Such award "must be limited to losses caused by the specific conduct underlying the offense of conviction". *Id.* (internal citation and quotation marks omitted).

No. 09-20686

The evidence shows that Frazier acted in furtherance of the fraudulent scheme by selling advertisements in publications that were non-existent or, if published, would not be circulated to the public. Accordingly, the district court did not abuse its discretion in holding Frazier accountable for the actual losses to victims arising from the fraudulent scheme. *See, e.g.*, *United States v. Gutierrez-Avascal*, 542 F.3d 495, 498 (5th Cir. 2008).

AFFIRMED.