# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

December 20, 2013

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 12-3377 | Appeal from the<br>United States District Court for the |
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee*, | Northern District of Illinois,<br>Eastern Division. |
| *v.* | No. 89 CR 742-1 |
| LUIS A. MUNOZ,<br>*Defendant-Appellant*. | Charles P. Kocoras,<br>*Judge*. |

**O R D E R**

The order issued today is amended. The following paragraph on page 4 is replaced to read:

Our position has proven controversial among some of our sister circuits. The Second and Third Circuits disagree with our holding in *Daddato*; in their view, our interpretation of the catch-all provision in § 3583(d) allows the district courts to circumvent the statutory limitations on restitution orders. *See United States v. Varrone*, 554 F.3d 327, 335 (2d Cir. 2009); *United States v. Cottman*, 142 F.3d 160, 169–70 (3d Cir. 1998); *see also Gall*, 21 F.3d at 112–13 (Jones, J., concurring). *But see United States v. Love*, 431 F.3d 477, 481 & n.15 (5th Cir. 2005) (distinguishing *Daddato* and *Cottman* by suggesting that because drug buy money was not restitution to a victim, ordering its repayment falls outside of the statutory restrictions on ordering restitution to victims under VWPA).[4]

---

[4] Despite distinguishing *Daddato* and *Cottman*, the Fifth Circuit did say that "it is probable that the catch-all provision would not allow a court to order in the first instance restitution for which Congress implicitly has denied authorization by not allowing it under § 3563(b)(2)." *United States v. Love*, 431 F.3d 477, 483 (5th Cir. 2005).