# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30787
c/w No. 16-30788
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 28, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAMAL CAMPBELL,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 5:15-CR-62-10
USDC No. 5:15-CR-249-1

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:*

Jamal Campbell appeals the sentence imposed following his guilty plea convictions for conspiracy to commit wire fraud and identity theft. He contends that the district court erred in holding him responsible for the entire loss caused by the conspiracy because the district court did not make an explicit finding that he agreed to jointly undertake criminal activity with all of his

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

codefendants. Additionally, he asserts that there was insufficient evidence to establish that the two groups of defendants were connected and that he was a member of both groups.

The record supports the district court's findings. All of the codefendants were from or had ties to the Chicago area. In a 26-hour period from July 3 to July 4, 2014, the codefendants went to the Horseshoe Casino in Bossier City, Louisiana, and performed 53 fraudulent credit card transactions in the amount of $53,884.47. Six of the codefendants, including Campbell and members of both groups, then went to Harrah's casino and made eight fraudulent credit card transactions. Three of the codefendants also made fraudulent credit card transactions at Diamond Jack's casino. All of the codefendants used the same type of genuine looking credit cards that were encoded with Bank of America account information and embossed with the names of the ten codefendants.

The district court found that all of the transactions involved the same victim, employed the same tools, and had the "same modus operandi." In addition, the district court found that some of the codefendants made fraudulent credit card transactions totaling $74,120 in casinos in Elizabeth, Indiana. Although Campbell was not involved in these transactions, he had ties to Ralphael Cassiberry and Charlie Nicholson who were involved in those transactions. Further, Campbell and Cassiberry were arrested and pleaded guilty to very similar charges in Ohio. Campbell and Cassiberry were also together during a traffic stop in Indiana and were found in possession of additional fraudulent credit cards. The district court found that the two groups were connected, that Campbell participated in the joint criminal conspiracy, and that Campbell could reasonably foresee the actions of his coconspirators. Because the district court's findings were supported by a preponderance of the evidence and were plausible in view of the record as a whole, the district court

did not clearly err in determining that Campbell should be held responsible for the entire loss amount caused by the conspiracy. *See United States v. Imo*, 739 F.3d 226, 240 (5th Cir. 2014); *United States v. Buck*, 324 F.3d 786, 796 (5th Cir. 2003).

In addition, Campbell asserts that because the district court erred in finding him responsible for the entire loss amount, the district court also erred in ordering him to pay restitution in the entire loss amount of $61,438.86. The parties dispute the appropriate standard of review. We need not resolve this issue because the district court's imposition of the restitution amount was not error, plain or otherwise. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008) (holding that this court need not decide the standard of review because there was no error under any standard).

The Presentence Report (PSR) provided that the ten codefendants used 29 different counterfeit credit cards and performed 64 illegal credit card transactions at three different casinos, totaling $61,438.86. The district court was entitled to rely on information contained in the PSR as to the amount of loss caused by the conspiracy because Campbell offered no evidence contesting the PSR and did not show that it was inaccurate or unreliable. *See United States v. Ford*, 558 F.3d 371, 376-77 (5th Cir. 2009). Because Campbell agreed to participate in the joint criminal conspiracy with his nine codefendants, the district court did not err in determining that he and his codefendants should be held jointly liable for the entire loss of $61,438.86 caused by the conspiracy. *See United States v. Mann*, 493 F.3d 484, 498 (5th Cir. 2007); *United States v. Love*, 431 F.3d 477, 480 (5th Cir. 2005).

AFFIRMED.