# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 10, 2022

Lyle W. Cayce
Clerk

No. 21-40843
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

LISA BERENICE BENAVIDES,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:20-CR-38-2

Before SMITH, STEWART, and GRAVES, *Circuit Judges*.

PER CURIAM:*

Lisa Berenice Benavides pleaded guilty to harboring an illegal alien within the United States for commercial advantage or private financial gain. She was sentenced within the applicable guidelines range to 100 months of imprisonment and three years of supervised release. The district court also

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

ordered that she pay restitution to the harbored illegal alien in the amount of $3,000.

On appeal, Benavides asserts that the district court's application of the U.S.S.G. § 2L1.1(b)(5)(B) dangerous-weapon enhancement and the U.S.S.G. § 2L1.1(b)(6) risk-endangerment enhancement constituted impermissible double counting because they were based on the same conduct, namely, stuffing toilet paper in the illegal alien's mouth. Because Benavides did not raise this specific issue in the district court, our review is limited to plain error. *See United States v. Medina-Anicacio*, 325 F.3d 638, 643 (5th Cir. 2003). To establish plain error, Benavides must show a forfeited error that is clear or obvious and that affects her substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If she makes such a showing, this court has the discretion to correct the error but only if it "'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (alteration in original) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

The commentary to § 2L1.1(b)(6) instructs that the enhancement should not be applied "if the only reckless conduct that created a substantial risk of death or serious bodily injury is conduct for which the defendant received an enhancement under [§ 2L1.1(b)(5)]." § 2L1.1, comment. (n.3). Here, the § 2L1.1(b)(6) enhancement was supported by different conduct than the § 2L1.1(b)(5) enhancement, namely, that Benavides covered the illegal alien's mouth with her hands for about two minutes and her co-conspirator grabbed the illegal alien by the throat, choked him, and struck him on the face. She therefore has shown no clear or obvious error. *See Puckett,* 556 U.S. at 135; § 2L1.1, comment. (n.3).

Next, Benavides contends that the district court erred in applying the § 2L1.1(b)(6) enhancement for risk of serious bodily injury because it "was

not intended to apply to the conduct to which the PSR applied it[,] i.e.[,] causing bodily injury." Again, our review is for plain error. *See Medina-Anicacio*, 325 F.3d at 643. Benavides has shown no clear or obvious error as the record does not indicate that the § 2L1.1(b)(6) enhancement was applied for causing bodily injury. *See Puckett,* 556 U.S. at 135.

Finally, Benavides challenges the district court's restitution order. "A federal court cannot order restitution 'except when authorized by statute.'" *United States v. Love*, 431 F.3d 477, 479 (5th Cir. 2005) (internal quotation marks and citation omitted). "There are two sources of statutory authority" for restitution. *Id.* The first source is 18 U.S.C. § 3556. But that statute pertains only to restitution under 18 U.S.C. §§ 3663 and 3663A, neither of which justify the restitution order here. *See* § 3663(a)(1)(A); § 3663A(a)(1), (c). The second source is 18 U.S.C. § 3583, which pertains to restitution in connection with a term of supervised release. *See United States v. Westbrooks,* 858 F.3d 317, 327-28 (5th Cir. 2017), *vacated on other grounds*, 138 S. Ct. 1323 (2018); *Love*, 431 F.3d at 479-80.

The record indicates that the district court imposed the restitution order as part of Benavides's sentence, not as part of her supervised release. The restitution order therefore exceeded the district court's statutory authority and cannot stand. *See Westbrooks*, 858 F.3d at 327-28. Accordingly, we vacate the district court's restitution order and remand for further proceedings in order that the district court may consider the limited question whether to impose restitution as a condition of supervised release. *See id.* at 328. Because we vacate the restitution order, we do not reach Benavides's claim regarding whether the illegal alien's sister qualifies as a victim for purposes of the restitution award.

AFFIRMED IN PART; VACATED IN PART AND REMANDED FOR FURTHER PROCEEDINGS.